*955 OPINION OF THE COURT
Howard Miller, J.
The mother of two children, having custody of said children pursuant to divorce decree is now a resident at Odyssey House on Ward’s Island. The children, as part of the Odyssey House program, are residing with the mother at the treatment center. The maternal grandmother has commenced this proceeding to gain custody of the said children.
The respondent has prior to hearing of the matter filed the motion herein. This motion is addressed to two issues. Firstly, it is claimed by the respondent that the petitioner does not have standing with which to maintain these proceedings and secondly, the respondent seeks a change of venue in that it is claimed that the ends of justice will be promoted by changing venue from Rockland County to New York County in that the appearances of respondent’s witnesses would create a hardship for such witnesses because of the distance from New York County, in which Odyssey House is located and where respondent and children now reside, to Rockland County where the proceeding is brought.
It is the opinion of this court that a grandparent has standing with which to bring on these proceedings for custody of a grandchild. This is not to say that the court has made any determination other than the right of a grandparent to commence these proceedings. The application may be denied if the court concludes that to grant the petition would not be in the best interest of the children after hearing. There is no question that grandparents have a right of visitation (Domestic Relations Law, § 72) and visitation is held to be a form of custody (Matter of Anonymous v Anonymous, 56 Misc 2d 711).
 As to the issue of change of venue, the court finds that Rockland County is not so remote from Ward’s Island, in New York City that the witnesses on behalf of the respondent cannot attend the hearing within the limits of reasonable effort in the circumstances. Having held that the petitioner has standing to maintain these proceedings and jurisdiction is properly maintained in Rockland County, the motion is denied.